**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter ___11___

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | The Spot at Anderson, LLC |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 84-3757288 |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 800 Wilcrest Dr., Suite 210<br>Houston, TX 77042 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Harris | **Location of principal assets, if different from principal place of business** |
| County | 3917 Anderson Road Houston, TX 77042 |
| | Number, Street, City, State & ZIP Code |

5.  **Debtor's website** (URL)   _____

6.  **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

6/14/24 9:43AM

Debtor    The Spot at Anderson, LLC _____    Case number (*if known*) _____
        Name

**7.** **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

    2361

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

6/14/24  9:43AM

Debtor    The Spot at Anderson, LLC

Case number (*if known*) _____

Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

| | | | | |
|---|---|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor | The Spot Investors, LP | Relationship | Former Owners |
| | District | Southern District of Texas | When | 6/06/24 | Case number, if known | 24-32661 |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
☑ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☑ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☑ Other   Property is at risk of declining in value if left sitting untouched in the heat.

**Where is the property?**   3917 Anderson Rd, Houston, TX 77053
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☑ Yes.   Insurance agency   General Star Indemnity Company; Kinsale Insurance Company; Liberty Mutual Insurance Company

   Contact name   _____

   Phone   _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   .   *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☑ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

6/14/24 9:43AM

Debtor     The Spot at Anderson, LLC                                          Case number (*if known*)
           Name

**16.  Estimated liabilities**

☐ $0 - $50,000                 ☐ $1,000,001 - $10 million         ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000           ☒ $10,000,001 - $50  million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000          ☐ $50,000,001 - $100 million       ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million        ☐ $100,000,001 - $500 million      ☐ More than $50 billion

6/14/24 9:43AM

| Debtor | The Spot at Anderson, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/17/2024
            MM / DD / YYYY

**X** /s/ Jeffrey Anapolsky            Jeffrey Anapolsky
    Signature of authorized representative of debtor        Printed name

Title    Chief Restructuring Officer

**18. Signature of attorney**

**X** /s/ Rebecca L. Matthews        Date   06/17/2024
    Signature of attorney for debtor                 MM / DD / YYYY

Rebecca L. Matthews
Printed name

Frost Brown Todd LLP
Firm name

2101 Cedar Springs Road
Suite 900
Dallas, TX 75201
Number, Street, City, State & ZIP Code

Contact phone   (214) 545-3472     Email address   rmatthews@fbtlaw.com

24062776 TX
Bar number and State

6/14/24  9:43AM

---

**Fill in this information to identify the case:**

Debtor name   The Spot at Anderson, LLC

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   _____

☐ Check if this is an amended filing

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/17/2024          **X** /s/ Jeffrey Anapolsky
                                 Signature of individual signing on behalf of debtor

                                 Jeffrey Anapolsky
                                 Printed name

                                 Chief Restructuring Officer
                                 Position or relationship to debtor

---

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**MANAGER WRITTEN RESOLUTIONS**
of
**The Spot at Anderson, LLC**
**March 7, 2024**

The undersigned Manager (the "Manager") of **The Spot at Anderson, LLC**, a Texas limited liability company (the "Company"), by signature below hereby consents in writing to the adoption of the following resolutions and take the actions set forth therein, effective as of the date first set forth above:

**WHEREAS,** this Manager action is taken by written resolution in lieu of organizational minutes whereby it is deemed desirable and in the best interests of this Company that the following resolutions be taken by the Manager:

**RESOLVED,** that Anapolsky Advisors, Inc. is hereby authorized to appoint a Chief Restructuring Officer for the Company;

**RESOLVED,** that the appointment of Jeff Anapolsky as the Company's Chief Restructuring Officer, effective as of the date of this resolution, is hereby approved, ratified and confirmed; and

**RESOLVED,** that the Manager, Member, and the officers and agents of this Company are, and each acting alone are, hereby authorized to do and perform any and all such acts, including execution of any and all documents to carry out the purposes and intent of the foregoing resolutions.

These resolutions are approved as actions of the Manager of the Company without formal meeting as of the date first written above.

**Manager:**
**Lighthouse Lending LLC,**
a Delaware limited liability company

By: _____
Name: Francois Delille
Title:   Managing Member

**MANAGER WRITTEN RESOLUTIONS**
**of**
**The Spot at Anderson, LLC**
**May 25, 2024**

The undersigned Manager (the "Manager") of **The Spot at Anderson, LLC**, a Texas limited liability company (the "Company"), by signature below hereby consents in writing to the adoption of the following resolutions and take the actions set forth therein, effective as of the date first set forth above:

**WHEREAS,** the Manager has considered presentations by financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business and assets; and

**WHEREAS,** this Manager action is taken by written resolution in lieu of organizational minutes whereby it is deemed desirable and in the best interests of this Company and their respective creditors that the following resolutions be taken by the Manager:

**NOW, THEREFORE, BE IT:**

<u>**CHAPTER 11 FILING**</u>

**RESOLVED**, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "<u>Chapter 11 Case</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") or other court of competent jurisdiction and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**RESOLVED**, that Jeff Anapolsky, the Company's Chief Restructuring Officer, or any other duly appointed officer of the Company (collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

<u>**RETENTION OF PROFESSIONALS**</u>

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Frost Brown Todd LLP, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including the preparation and filing of any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Company in the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate

retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain Frost Brown Todd LLP;

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable; and

**RESOLVED**, that each of the Authorized Signatories, acting alone or in any combination, be, and each hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deems necessary, appropriate, or desirable in connection with the Chapter 11 Case.

## DIP FINANCING

**RESOLVED**, that the Company will obtain benefits from, and it is advisable and in the best interest of the Company to enter into, (1) that a debtor-in-possession financing agreement (together with all exhibits, schedules and annexes thereto, the "DIP Agreement") in substantially the same terms as of the DIP Financing Term Sheet for the Spot at Anderson, LLC dated as of, or about, May 23, 2024 (the "DIP Term Sheet"), by and among the Company as the "Borrower" and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, and FM Future Holding Company, LLC, the lender party (the "DIP Lender") pursuant to which the Borrower has requested that the DIP Lender provide up to $1.5 million delayed draw term loan with principle payable at maturity and other terms as set forth in the DIP Term Sheet;

**RESOLVED**, that the form, terms, and provisions of the DIP Agreement, and the transactions contemplated by the DIP Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, security interests granted, and notes issued, if any, in connection therewith, be, and hereby are, authorized, adopted and approved;

**RESOLVED**, that the Company's execution and delivery of, and its performance of its obligations in connection with the DIP Agreement are hereby, in all respects, authorized and approved;

**RESOLVED**, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company to seek authorization to enter into the DIP Agreement pursuant to a postpetition financing order in interim and final form, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in

accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Agreement and the use of cash collateral, if any, in connection with the Company's Chapter 11 Case, which agreements may require the Company to grant adequate protection and liens to the Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the DIP Agreement and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any the DIP Agreement, necessary, desirable, or appropriate to facilitate the transactions contemplated therein; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by a party or parties in interest; and (iv) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Agreement; and

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve, to pay or approve the payment of all fees and expenses payable in connection with the transactions contemplated under the DIP Agreement, and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Agreement, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations and to fully carry out the intent of the foregoing resolutions.

## GENERAL

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the

organizational documents of the Company, or hereby waives any right to have received such notice;

**RESOLVED**, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, adopted, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Manager; and

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary, appropriate, or desirable in such Authorized Signatory's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

**IN WITNESS WHEREOF**, the undersigned represents that these resolutions are approved as actions of the Manager of the Company without formal meeting as of the date above first written.

**Manager:**
**Lighthouse Lending LLC**,
a Delaware limited liability company

By: _____
Name: Francois Delille
Title:   Managing Member

**MANAGER WRITTEN RESOLUTIONS**
**of**
**The Spot at Anderson, LLC**
**May 25, 2024**

The undersigned Manager (the "Manager") of **The Spot at Anderson, LLC**, a Texas limited liability company (the "Company"), by signature below hereby consents in writing to the adoption of the following resolutions and take the actions set forth therein, effective as of the date first set forth above:

**WHEREAS**, the Manager has considered presentations by financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business and assets; and

**WHEREAS,** this Manager action is taken by written resolution in lieu of organizational minutes whereby it is deemed desirable and in the best interests of this Company and their respective creditors that the following resolutions be taken by the Manager:

**NOW, THEREFORE, BE IT:**

**CHAPTER 11 FILING**

**RESOLVED**, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**RESOLVED**, that Jeff Anapolsky, the Company's Chief Restructuring Officer, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

**RETENTION OF PROFESSIONALS**

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ the law firm of Frost Brown Todd LLP, as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including the preparation and filing of any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Company in the Chapter 11 Case; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate

retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain Frost Brown Todd LLP;

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, acting alone or in any combination, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable; and

**RESOLVED**, that each of the Authorized Signatories, acting alone or in any combination, be, and each hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deems necessary, appropriate, or desirable in connection with the Chapter 11 Case.

## DIP FINANCING

**RESOLVED**, that the Company will obtain benefits from, and it is advisable and in the best interest of the Company to enter into, (1) that a debtor-in-possession financing agreement (together with all exhibits, schedules and annexes thereto, the "DIP Agreement") in substantially the same terms as of the DIP Financing Term Sheet for the Spot at Anderson, LLC dated as of, or about, May 23, 2024 (the "DIP Term Sheet"), by and among the Company as the "Borrower" and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, and FM Future Holding Company, LLC, the lender party (the "DIP Lender") pursuant to which the Borrower has requested that the DIP Lender provide up to $1.5 million delayed draw term loan with principle payable at maturity and other terms as set forth in the DIP Term Sheet;

**RESOLVED**, that the form, terms, and provisions of the DIP Agreement, and the transactions contemplated by the DIP Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, security interests granted, and notes issued, if any, in connection therewith, be, and hereby are, authorized, adopted and approved;

**RESOLVED**, that the Company's execution and delivery of, and its performance of its obligations in connection with the DIP Agreement are hereby, in all respects, authorized and approved;

**RESOLVED**, that each of the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company to seek authorization to enter into the DIP Agreement pursuant to a postpetition financing order in interim and final form, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in

accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Agreement and the use of cash collateral, if any, in connection with the Company's Chapter 11 Case, which agreements may require the Company to grant adequate protection and liens to the Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company, as debtor and debtor-in-possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the DIP Agreement and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any the DIP Agreement, necessary, desirable, or appropriate to facilitate the transactions contemplated therein; (ii) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by a party or parties in interest; and (iv) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Agreement; and

**RESOLVED**, that each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve, to pay or approve the payment of all fees and expenses payable in connection with the transactions contemplated under the DIP Agreement, and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Agreement, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations and to fully carry out the intent of the foregoing resolutions.

## GENERAL

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the

organizational documents of the Company, or hereby waives any right to have received such notice;

**RESOLVED**, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, adopted, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Manager; and

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary, appropriate, or desirable in such Authorized Signatory's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

**IN WITNESS WHEREOF**, the undersigned represents that these resolutions are approved as actions of the Manager of the Company without formal meeting as of the date above first written.

**Manager:**
**Lighthouse Lending LLC**,
a Delaware limited liability company

By: _____
Name: Francois Delille
Title:   Managing Member

## MANAGER WRITTEN RESOLUTIONS
### of
### The Spot at Anderson, LLC
### March 7, 2024

The undersigned Manager (the "Manager") of **The Spot at Anderson, LLC**, a Texas limited liability company (the "Company"), by signature below hereby consents in writing to the adoption of the following resolutions and take the actions set forth therein, effective as of the date first set forth above:

**WHEREAS,** this Manager action is taken by written resolution in lieu of organizational minutes whereby it is deemed desirable and in the best interests of this Company that the following resolutions be taken by the Manager:

**RESOLVED,** that Anapolsky Advisors, Inc. is hereby authorized to appoint a Chief Restructuring Officer for the Company;

**RESOLVED,** that the appointment of Jeff Anapolsky as the Company's Chief Restructuring Officer, effective as of the date of this resolution, is hereby approved, ratified and confirmed; and

**RESOLVED,** that the Manager, Member, and the officers and agents of this Company are, and each acting alone are, hereby authorized to do and perform any and all such acts, including execution of any and all documents to carry out the purposes and intent of the foregoing resolutions.

These resolutions are approved as actions of the Manager of the Company without formal meeting as of the date first written above.

**Manager:**
**Lighthouse Lending LLC,**
a Delaware limited liability company

By: _____

Name: Francois Delille
Title:  Managing Member

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | The Spot at Anderson, LLC |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known): | |

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| American Arbitration Association Attn: Katherine Raum, Esq. 9 Greenway Plaza, Ste. 1275 Houston, TX 77046 | | Arbitration fees | | | | $20,400.00 |
| CIVE, Inc. 5444 Westheimer Road Suite 1440 Houston, TX 77056 | | Civil Judgment (Mechanic's Lien) | Disputed | | | $579,471.25 |
| Hwami Builder, LLC 2465 FM-359 South Suite A, Rm 106 Brookshire, TX 77423 | | Lien Affidavit and Claim (Mechanic's Lien) (discharged by operation of law) | Disputed Subject to Setoff | | | $1,550,342.76 |
| Resolution Finance, LLC 4100 Alpha Road, Suite 670 Dallas, TX 75244 | | Tax mortgage lien | | | | $145,707.92 |

6/14/24 9:43AM

# United States Bankruptcy Court
## Southern District of Texas

In re   The Spot at Anderson, LLC

Debtor(s)

Case No.

Chapter   11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| Lighthouse Lending LLC | | 100% | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   06/17/2024

Signature   /s/ Jeffrey Anapolsky

Jeffrey Anapolsky

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

6/14/24 9:43AM

# United States Bankruptcy Court
### Southern District of Texas

In re   The Spot at Anderson, LLC _____     Case No. _____

_____ Debtor(s)     Chapter   11 _____

# VERIFICATION OF CREDITOR MATRIX

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   06/17/2024 _____     /s/ Jeffrey Anapolsky _____

Jeffrey Anapolsky/Chief Restructuring Officer
Signer/Title

Allison Snyder ADR, LLC
12 Greenway Plaza, Ste. 1100
Houston, TX 77046


American Arbitration Association
Attn: Katherine Raum, Esq.
9 Greenway Plaza, Ste. 1275
Houston, TX 77046


Anapolsky Advisors, Inc.
5107 Aspen Street
Bellaire, TX 77401


Andrews Myers, P.C.
Attn: Matthew S. Cire
1885 Saint James Place, 15th Fl.
Houston, TX 77056


BRMK Lending SPE I, LLC
1251 Avenue of the Americas
50th Floor
New York, NY 10020


BRMK Lending SPE JP, LLC
1251 Avenue of the Americas
50th Floor
New York, NY 10020


CE Engineers & Development Consultants
6100 Corporate Drive
Houston, TX 77036


CIVE, Inc.
5444 Westheimer Road
Suite 1440
Houston, TX 77056

David Rodarte
9757 Katy Freeway
Apt #2404
Houston, TX 77024


Davis Law Group
Attn: Candice Davis
1790 Hughes Landing Blvd., Ste. 400
The Woodlands, TX 77380


Dekui Liu
6910 Oak Lane
Richmond, TX 77406


Enterprise Products Operating LLC
c/o Land Department
9420 W Sam Houston Parkway N
Houston, TX 77064-6317


Feifei Jiao
29222 Dunns Creek Court
Katy, TX 77494


FM Future Holding Company LLC
c/o Shannon & Lee, LLP
Attn: Kyung S. Lee
700 Milam Street, Ste. 1300
Houston, TX 77002


Frost Brown Todd LLP
Attn: Rebecca L. Matthews
Mark A. Platt
2101 Cedar Springs Rd, Suite 900
Dallas, TX 75201


Funderburk Funderburk Courtois, LLP
Attn: Diane S. Davis and David Funderbur
Houston, TX 77019

General Star Indemnity Company
120 Long Ridge Road
Stamford, CT 06902


Harris County Tax Collector
Attn: Ann Harris Bennett
P.O. Box 4663
Houston, TX 77210-4663


Hwami Builder, LLC
2465 FM-359 South
Suite A, Rm 106
Brookshire, TX 77423


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


Kinsale Insurance Company
2035 Maywill Street
Suite 100
Richmond, VA 23230


Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116


Lighthouse Lending LLC
800 Wilcrest Dr., Suite 210
Houston, TX 77042


MarketSpace Capital, LLC
9100 Southwest Freeway, Suite 201
Houston, TX 77074

Masaki Oishi
2703 Birchmere Court
Katy, TX 77450


Munsch Hardt Kopf & Harr, P.C.
Attn: John Cornwell
700 Milam Street, Ste. 800
Houston, TX 77002


NPSSS, LLC
5201 Evergreen Street
Bellaire, TX 77401


Office of the Texas  Attorney General
P.O. Box 12548
Austin, TX 78711-2548


Office of the U.S. Trustee
Attn: Jayson B. Ruff
515 Rusk St., Ste. 3516
Houston, TX 77002


PCGEZG, LLC
3307 Candle Stick Lane
Katy, TX 77494


PearlX VPP Holdings, LLC
1612B Cambridge Circle
Charlottesville, VA 22903


Raza Merchant
800 Bonaventure Way Ste 132
Sugar Land, TX 77479

Ready Capital Corporation
1251 Avenue of the Americas, 50th Floor
New York, NY 10020


Resolution Finance, LLC
4100 Alpha Road, Suite 670
Dallas, TX 75244


Sohail Hassan
10902 Brookeshire Chase Lane
Houston, TX 77043


The Spot at Anderson, LLC
800 Wilcrest Dr
Houston, TX 77042


Trimont LLC
3500 Lenox Road, Ste. G1
Auburn, NH 03032-6000

# United States Bankruptcy Court
## Southern District of Texas

In re   The Spot at Anderson, LLC

Debtor(s)

Case No.
Chapter   11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   The Spot at Anderson, LLC   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

Lighthouse Lending LLC

☐ None [*Check if applicable*]

06/17/2024
Date

/s/ Rebecca L. Matthews

Rebecca L. Matthews

Signature of Attorney or Litigant
Counsel for   The Spot at Anderson, LLC

Frost Brown Todd LLP
2101 Cedar Springs Road
Suite 900
Dallas, TX 75201
(214) 545-3472 Fax:(214) 545-3473
rmatthews@fbtlaw.com

6/14/24  9:43AM

# United States Bankruptcy Court
## Southern District of Texas

In re    The Spot at Anderson, LLC                       Case No. _____

                                    Debtor(s)       Chapter    11

## DECLARATION FOR ELECTRONIC FILING OF
## BANKRUPTCY PETITION AND MASTER MAILING LIST (MATRIX)

### PART I:  DECLARATION OF PETITIONER:

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case.  I have read the information provided in the petition and in the lists of creditors to be filed electronically in this case and ***I hereby declare under penalty of perjury*** that the information provided therein, as well as the social security information disclosed in this document, is true and correct.  I understand that this Declaration is to be filed with the Bankruptcy Court within seven (7) business days after the petition and lists of creditors have been filed electronically. I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

■     I hereby further declare under penalty of perjury that I have been authorized to file the petition and lists of creditors on behalf of the debtor in this case.

Date:    06/17/2024                /s/ Jeffrey Anapolsky

                                    Jeffrey Anapolsky, Chief
                                    Restructuring Officer

### PART II:  DECLARATION OF ATTORNEY:

I declare ***under penalty of perjury*** that:  (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date:    06/17/2024                     /s/ Rebecca L. Matthews

                                    Rebecca L. Matthews, Attorney for Debtor
                                    2101 Cedar Springs Road
                                    Suite 900
                                    Dallas, TX 75201
                                    (214) 545-3472 Fax:(214) 545-3473

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com